In the Matter of the Compensation of
Russell Miller, Claimant.

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

## MILLER,
*Respondent.*

(WCB 84-13597; CA A39349)

745 P2d 429

Paul J. DeMuniz, Salem, argued the cause for petitioner.

With him on the brief was Garrett, Seideman, Hemann, Robertson & DeMuniz, P. C., Salem.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief was Malagon & Moore, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

Richardson, P. J., dissenting.

## DEITS, J.

Employer seeks review of an order of the Workers' Compensation Board which dismissed its request for review for lack of jurisdiction. The referee's order was mailed to the parties on September 27, 1985. In February 1986, the attorney for employer asked the Board about the status of the request for review, which he claimed had been mailed on October 14, 1985. The Board dismissed the appeal, because the Board had not received the request and employer had not submitted the required proof of mailing. The Board said:

> "We recently decided that when there is a question regarding whether a request for Board review was timely mailed to the Board, proof of such mailing must conform to the requirements of OAR 438-05-040(4)(b)."

ORS 656.295(2) requires that a request for review of a referee's order "shall be mailed to the board * * *." The Board adopted OAR 438-05-040(4)(b), which provides, in material part:

> " 'Filing' means:
>
> "* * * * *
>
> "(b)   date of mailing. If the date of mailing is relied upon as the date of filing, there must be proof from the post office of the mailing date. Acceptable proof from the post office shall be a receipt stamped by the post office showing the date mailed and the certified or registered number."

Employer argues that, if OAR 438-05-040(4)(b) is applicable, the Board exceeded its authority in adopting the rule.[1] We agree. Although an agency may adopt a rule to carry out provisions of enabling legislation, it may not by rule amend, alter, enlarge or limit the terms of statutes. *Oreg. Fire/ Police Retire. v. PERB,* 62 Or App 777, 662 P2d 729 (1983). All that the statute requires to perfect review before the Board is the mailing of a request for review. The statute requires neither actual receipt nor a particular method of mailing.

We recognize that the Board does have general rulemaking authority:

---

[1] Employer also argues that OAR 438-05-040(4)(b) is not applicable, because the statute provides that a request for review is perfected by "mailing" and the rule relates only to "filing." In view of our disposition of the case, it is unnecessary to address this issue.

"The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercising its authority under ORS 656.278. Such rules may provide for informal prehearing conferences in order to expedite claim adjudication, amicably dispose of controversies, if possible, narrow issues and simplify the method of proof at hearings. The rules shall specify who may appear with parties at prehearing conferences and hearings." ORS 656.726(4).

That statute allows the Board to establish the methods, practices or procedures for introducing evidence, but does not include authority to limit the *kind* of proof on which a party may rely. OAR 430-05-040(4)(b) limits the *kind* of evidence which may be used to prove that a request for review was mailed. The rule requires "proof from the post office" of the date of mailing and provides that "acceptable proof * * * shall be a receipt stamped by the post office showing the date mailed and the certified or registered number."

We agree with the dissent that the Board's rule does provide a uniform and reliable method of proving when a request was mailed and that it may well contribute to the efficiency of the system. However, the statute allows a request for review to be perfected by "mailing."[2] We conclude that the Board's rule limiting the kind of evidence sufficient to prove the fact of mailing is inconsistent with the statute and, therefore, is invalid. The Board should determine, as a jurisdictional fact, whether the evidence establishes that the request for review was mailed.

Reversed and remanded.

**RICHARDSON, P. J.,** dissenting.

I disagree that the Board, by use of the rule requiring proof of mailing, has limited its jurisdiction to less than that provided by statute and has thereby exceeded its authority to adopt rules for the administration of its duties. I dissent.

OAR 438-05-040(4)(b) provides that, if a party files a request for review by mail, the party must provide proof of

---

[2] In instances where the legislature has chosen to define proof of mailing, it has expressly done so. *See, e.g.,* ORS 19.028; ORS 87.018.

mailing from the post office. The rule provides a means for parties to prove that a request was mailed and the date. Requiring that proof does not limit the Board's jurisdiction. It is a reasonable method of solving a thorny problem that arises if the Board is unable to locate a request for review that a party claims to have mailed. The rule provides a uniform, reliable method of establishing when the request was mailed. The additional time and expense is minimal and the burden insignificant when compared to the benefits of efficient administration of the workers' compensation system to all concerned. If a party seeking Board review can be deterred by the "onerous" burden of obtaining a "receipt stamped by the post office showing the date mailed and the certification number," perhaps the appeal has questionable merit. Employer's plight in this case represents a prime argument in favor of the rule.