Argued and submitted April 5, decision of the Court of Appeals reversed and order of the Workers' Compensation Board reinstated June 1, 1988

In the Matter of the Compensation of
Russell Miller, Claimant.

WEYERHAEUSER COMPANY,
*Respondent on Review,*

*v.*

MILLER,
*Respondent on Review,*

WORKERS' COMPENSATION BOARD,
*Intervenor/Petitioner on Review.*

(WCB 84-13597; CA A39349; SC S34840)

760 P2d 1317

Margaret E. Rabin, Assistant Attorney General, Salem, appeared on behalf of intervenor/petitioner on review, Workers' Compensation Board. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Paul J. DeMuniz, of Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem, appeared on behalf of respondent on review Weyerhaeuser Company.

James L. Edmunson, of Malagon & Moore, Eugene, appeared on behalf of respondent on review Russell Miller.

PER CURIAM

Gillette, J., dissented and filed an opinion in which Lent, J., joined.

## PER CURIAM

Claimant's employer in this case and claimant in *Dunn v. SAIF,* also decided today, appealed the Workers' Compensation Board's dismissal of requests for review of referees' orders, which each claimed had been timely mailed to the Board in compliance with ORS 656.295(2). That section provides:

"The requests for review shall be mailed to the board and copies of the request shall be mailed to all parties to the proceeding before the referee."

The Board invoked its rule, OAR 438-05-040(4)(b), which stated that "filing" means

"date of mailing. If the date of mailing is relied upon as the date of filing, there must be proof from the post office of the mailing date. Acceptable proof from the post office shall be a receipt stamped by the post office showing the date mailed and the certified or registered number."

The Board's order in each case declared that the request for review was not received by the Board. In the present case, the order stated:

"The employer in this case has not come forward with proof of mailing as required by OAR 438-05-040(4)(b). We, therefore, conclude that timely mailing of a request for review has not been established and that we are without jurisdiction to review the Referee's order."

The order in *Dunn* stated a similar conclusion.

The Court of Appeals reversed both orders. In an opinion in this case, the majority, over a dissent, held that the Board rule exceeded the scope of its rulemaking authority. *Weyerhaeuser Company v. Miller,* 88 Or App 286, 745 P2d 429 (1987).

It is undisputed that the governing statutes require only timely mailing of a request for review. When the legislature wishes to prescribe a particular form of mailing, it says so. *See, e.g.,* ORS 19.028, 87.018, 656.298(3), 656.440(2), 656.560(2), 656.583(1). The Board rule also does not require any particular form of mailing. The Board does not refuse to treat requests for review that it receives through the mails before the deadline as properly mailed. Its rule applies only in two situations that give rise to disputes over timely mailing:

when the Board does not receive a request (or other document) alleged to have been mailed, and when the request arrives in the mail after the 30-day deadline. In such a situation, the Board's rule demands that the alleged timely mailing be demonstrated by "proof" in the form of a post office receipt "showing the date mailed and the certified or registered number."

This requirement does not exceed the scope of the Board's authority to regulate its own procedures. Agencies generally may make rules for the conduct of their own procedures even without explicit statutory authorization, *see* ORS 183.341 and 1 Cooper, State Administrative Law 176 (1965), and there is explicit authority here. The relevant sentence of ORS 656.726(4) provides:

> "The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercising its authority under ORS 656.278."

The disputed rule does not affect evidence concerning the merits of a claim. It does not deny or disavow the Board's jurisdiction based on mailing of a request for review. It is designed only to avoid needless and wasteful controversies and evidentiary hearings over the alleged mailing dates of documents by prescribing means for proving mailing which any party can meet. The rule does not contravene statutory provisions.

Employer in this case argues that the rule only defines "filing," and ORS 656.295(2) does not refer to "filing" with regard to requests for review. The statutes and rules involved indeed are not models of consistent terminology, but we see no claim that the wording misled a party. ORS 656.313(1), a few sections after ORS 656.295(2), begins with the words "Filing by an employer or the insurer of a request for review * * *." OAR 438-11-005 provides:

> "(1) The time and manner of filing for Board review is found in ORS 656.289 and 656.295.
>
> "(2) The thirty days of ORS 656.289(3) is satisfied upon *mailing* the request to the Board."

(Emphasis supplied.) If the Board chooses to use the word

"filing" to describe how a party submits a request for review or other document to the Board, and then provides (in the regulation at issue here) that one who relies on the date of mailing as the date of filing must have specified proof in case of dispute, nothing in the statute seems to stand in the way.

The decision of the Court of Appeals is reversed, and the order of the Workers' Compensation Board is reinstated.

**GILLETTE, J.,** dissenting.

This case presents an easy question which the majority unaccountably makes difficult. The question is: Does the Workers' Compensation Board (the Board) have the statutory authority to promulgate an administrative rule that limits the way in which a party can prove a fact material to the Board's jurisdiction to one form of proof, to the exclusion of all other forms? Because I would hold that the answer to this question is no, I am compelled to dissent from the majority's answer to the contrary.

The facts are adequately stated in the majority opinion. The Board's statutory authority to promulgate rules is found in ORS 656.726(4), which provides:

> "The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings * * *."

Nothing in this specific language appears to me to authorize the Board to deny to any party to a proceeding the right to offer probative evidence with respect to any issue in dispute. I have no doubt, for example, that this court would invalidate unhesitatingly any Board rule that purported to restrict a claimant to testimony from a particular form of medical specialist, although other kinds of specialists would be able to provide probative information with respect to the medical question involved. The fact that the issue in this case is when a letter was mailed, rather than how an arm came to be broken, should not — and, to me, does not — make any difference.

When the legislature wishes to do so, it is capable of prescribing exactly how mailing is to be accomplished. *See,*

*e.g.,* ORS 19.028[1] and 87.018.[2] Instead, it has in this case authorized mailing in plain, generic terms:

> "* * * * *
>
> "(2)   The requests for review [by the Board of referees' orders] shall be *mailed* to the board and copies of the request shall be *mailed* to all parties to the proceedings before the referee."

ORS 656.295(2) (emphasis supplied). When the legislature clearly is willing to have requests for review filed in any way that constitutes a "mailing," the Board exceeds its authority when it purports without statutory authorization to narrow the ways in which that task can be accomplished. We should say so.

Neither is it a justification to say that, rather than limiting the way in which mailing can occur, the rule is merely one of proof. As I have already indicated, permitting such a rule of proof withstands scrutiny only until the potential scope of such authority is examined. And, in any event, a rule that only permits *proof* of mailing in one way is a rule that, as a practical matter, only permits *mailing* in one way.

The majority's decision today grants to the Board

---

[1] ORS 19.028 states:

"(1)  Filing a notice of appeal in the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice shall be the date of mailing, provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing.

"(2)  Service of notice of appeal on a party, court reporter or the clerk of the trial court, or service of a petition for judicial review on a party or administrative agency may be accomplished by mail, subject to the same requirements as filing notice of appeal by mail as provided in subsection (1) of this section.

"(3)  *Except as otherwise provided by law,* the provisions of subsections (1) and (2) of this section are applicable to petitions for judicial review, cross petitions for judicial review and petitions under the original jurisdiction of the Supreme Court or Court of Appeals."

[2] ORS 87.018 states:

"All notices required under ORS 87.001 and 87.060 and 87.075 to 87.093 shall be in writing and delivered in person or delivered by registered or certified mail except for the 'Information Notice to Owner' described in ORS 87.093 which may also be proved by a United States Postal Service certificate of mailing."

authority the legislature has not given it. In the process, it undermines the salutary administrative law principle that it is the legislature, not the agency, that controls an agency's authority. The Court of Appeals majority correctly analyzed this case. It should be affirmed.

I respectfully dissent.

Lent, J., joins in this dissenting opinion.