Argued and submitted January 19, affirmed on petition and cross-petition April 25, petition for review denied July 24, 2007 (343 Or 159)

ROSEBURG FOREST PRODUCTS,
*Petitioner-Cross-Respondent,*

*v.*

Steven G. HUMBERT,
*Respondent-Cross-Petitioner,*

*and*

DEPARTMENT OF
CONSUMER AND BUSINESS SERVICES,
*Respondent.*

Department of Consumer and Business Services
H05021; A130216

158 P3d 21

Benjamin M. Bloom argued the cause for petitioner-cross-respondent. With him on the briefs was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Christine Jensen argued the cause for respondent-cross-petitioner. With her on the opening brief was Malagon, Moore & Jensen. On the reply brief was Christine Jensen.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Roseburg Forest Products (Roseburg), the self-insured employer of respondent Humbert (claimant), seeks judicial review of an order by the Director of the Department of Consumer and Business Services (director) barring Roseburg from disputing whether elective surgery recommended by claimant's attending physician is excessive, inappropriate, or ineffectual. The order was based on an administrative rule under which an insurer or self-insured employer must meet certain time limitations or lose the right to seek the director's review of the surgery. Roseburg contends that the rule is invalid because it contradicts a statute that, according to Roseburg, *requires* the director to review the treatment in all circumstances. (The rule and the statute are set out below.) On cross-petition, claimant seeks review of the director's award of attorney fees, contending that the award is insufficient. We review the director's legal conclusions for errors of law and her factual findings for substantial evidence. ORS 183.482(8). We review the director's award of attorney fees for errors of law and abuse of discretion. ORS 183.482(8); *Schoch v. Leupold & Stevens*, 325 Or 112, 114, 934 P2d 410 (1997). We affirm on the petition and cross-petition.

## I. ROSEBURG'S PETITION FOR JUDICIAL REVIEW

The relevant facts are few and undisputed. In 1992, claimant sustained an injury while working at Roseburg's lumber mill. After many years of treatment, including a surgical fusion, claimant's attending physician reached the conclusion that the first fusion had failed and a second surgery was required. On September 21, 2004, the attending physician notified Roseburg of the proposed surgery pursuant to OAR 436-010-0250(2),[1] which provides, in part:

"[W]hen the attending physician or surgeon * * * believes elective surgery is needed to treat a compensable injury or illness, the attending physician * * * shall give the

---

[1] Unless otherwise noted, references throughout this opinion are to the rules that went into effect on April 1, 2004.

insurer actual notice at least seven days prior to the date of the proposed surgery."

At that point, Roseburg was required by OAR 436-010-0250(3) to respond to the notice within seven days:

"When elective surgery is recommended, the insurer may require an independent consultation with a physician of the insurer's choice. The insurer shall notify the recommending physician, the worker and the worker's representative, within seven days of receipt of the notice of intent to perform surgery, whether or not a consultation is desired by submitting Form 440-3228 (Elective Surgery Notification) to the recommending physician. When requested, the consultation shall be completed within 28 days after notice to the physician."

Roseburg, however, did not submit Form 440-3228 providing the required notification until November 17, 2004, well after the seven-day deadline. When it did submit the form, Roseburg indicated that it elected to have claimant submit to an independent consultation. That consultation occurred. Claimant, Roseburg, and the physicians apparently could not reach an agreement regarding the proposed surgery; consequently, claimant and Roseburg requested administrative review by the director of the medical appropriateness of the surgery.

Ultimately, the director issued an order concluding that, because Roseburg did not meet the seven-day deadline for submitting Form 440-3228, it was barred from disputing whether the proposed surgery was excessive, inappropriate, or ineffectual. The director based that order on the rule that is the subject of the dispute in this case, OAR 436-010-0250(5), which provides, in part:

"Failure of the insurer to timely respond to the physician's elective surgery request by submitting Form 440-3228, or to timely request administrative review pursuant to this rule shall bar the insurer from later disputing whether the surgery is or was excessive, inappropriate, or ineffectual."

This petition for judicial review ensued.

■ Roseburg's sole argument on judicial review is that the director exceeded her authority in promulgating OAR

436-010-0250(5). *See* ORS 183.400(4)(b) (rule invalid if it exceeds promulgating agency's statutory authority). According to Roseburg, the director's authority is circumscribed by ORS 656.327, which provides, in part:

> "(1)(a)  If an injured worker, an insurer or self-insured employer or the Director of the Department of Consumer and Business Services believes that the medical treatment * * * that the injured worker * * * is proposed to receive is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services, the injured worker, insurer or self-insured employer must request administrative review of the treatment by the director prior to requesting a hearing on the issue and so notify the parties.
>
> "(b)  Unless the director issues an order finding that no bona fide medical services dispute exists, the *director shall review* the matter as provided in this section. * * *
>
> "* * * * *
>
> "(2)  The *director shall review* medical information and records regarding the treatment. The director may cause an appropriate medical service provider to perform reasonable and appropriate tests, other than invasive tests, upon the worker and may examine the worker. * * * Review of the medical treatment shall be completed and the director shall issue an order within 60 days of the request for review. The director shall create a documentary record sufficient for purposes of judicial review."

(Emphasis added.) Thus, if an insurer believes a claimant's treatment is excessive, inappropriate, or ineffectual, the insurer can request review by the director; the director must then decide the matter within 60 days. The director's decision is subject to administrative review.

Roseburg maintains that the mandatory language in the statute requires the director to perform a review of the proposed treatment whenever the insurer believes it is excessive, inappropriate, or ineffectual, and that, by setting out some circumstances in which the director will not perform such a review (including when, as here, the insurer fails timely to submit Form 440-3228), OAR 436-010-0250(5)

"limit[s] the terms of a legislative enactment" and is therefore invalid. *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 550-51, 542 P2d 900 (1975). Claimant and the Department of Consumer and Business Services (a co-respondent), on the other hand, maintain that the director's rule is a valid exercise of her statutory authority to impose procedural rules that govern the operation of the statutes. For the reasons that follow, we agree with claimant and the department.

■ ORS 656.327 provides that the director has the authority to review a dispute over a worker's claim for medical services if the dispute involves some issue other than the compensability of the claim. (If the dispute involves compensability, the Workers' Compensation Board has review authority.) A dispute over whether proposed treatment is excessive, inappropriate, or ineffectual is not a dispute involving compensability; therefore, the director has authority to review it. Under ORS 656.327, as noted above, if a claimant or insurer wants administrative review, it "shall request review of the treatment by the director and so notify the parties." ORS 656.327(1)(a). The director, unless she finds that no bona fide dispute exists, "shall review the matter" and issue an order within 60 days. ORS 656.327(1)(b), (2).

OAR 436-010-0250 establishes the procedures for reviewing one type of disputed treatment: elective surgery.[2] Several of those procedures impose time limitations. To begin the review process, the medical provider must give the insurer notice of the proposed elective surgery at least seven days before it occurs. OAR 436-010-0250(2). The insurer then may request an "independent consultation with a physician of the insurer's choice"; whether the insurer makes that request or not, it must notify the medical provider of its decision within seven days of receiving notice from the provider of the proposed surgery. OAR 436-010-0250(3). If the insurer requests a consultation, it must be "completed within 28 days after notice to the physician." *Id.* Within seven days of the

---

[2] " 'Elective surgery' is surgery which may be required in the process of recovery from an injury or illness but need not be done as an emergency to preserve life." OAR 436-010-0250(1). The parties do not dispute that claimant's proposed surgery is within that definition.

consultation, "the insurer shall notify the recommending physician" of the consultant's findings. OAR 436-010-0250(4)(a). An attempt to resolve any disagreements between the recommending physician and the consultant then takes place, if necessary. OAR 436-010-0250(4)(b). If no resolution occurs, the recommending physician must provide notice to the insurer by submitting another Form 440-3228, OAR 436-010-0250(4)(c), and then, within the next 21 days, the insurer may request administrative review by the director. OAR 436-010-0250(5). However, if the insurer failed to submit the first Form 440-3228 within seven days of receiving notice as required by OAR 436-010-0250(4)(a), the insurer is "bar[red] * * * from later disputing whether the surgery is or was excessive, inappropriate, or ineffectual." OAR 436-010-0250(5). In sum, the director, in promulgating OAR 436-010-0250, has established a process for the expeditious handling of one of the types of disputes that she has to review under ORS 656.327, including deadlines that the insurer must meet in order to avail itself of the process.

Those rules are well within the director's authority. That authority stems from ORS 656.726(4)(a), under which the director may "[m]ake and declare all rules and issue orders which are reasonably required in the performance of the director's duties." In addition, the director may "[p]rescribe procedural rules for * * * investigations and other proceedings pursuant to" the Workers' Compensation Law. ORS 656.726(4)(g). The "director's duties" "pursuant to" that law include implementing the law's policy objectives, which, in turn, include providing *"prompt * * ** medical treatment for injured workers" and restoration of "the injured worker physically and economically to a self-sufficient status in an *expeditious* manner[.]" ORS 656.012(2)(a), (c). Imposing strict time lines clearly is a means to achieve the statutory objective.

*Weyerhaeuser Company v. Miller*, 306 Or 1, 760 P2d 1317 (1988), provides relevant instruction. In that case, ORS 656.295(2) specified that, in order to request administrative review by the Workers' Compensation Board of a decision rendered by an administrative law judge, the request "shall be mailed to the board and copies of the request shall be mailed to all parties to the proceeding[.]" ORS 656.295(2).

The statute also provided that "[t]he board *shall* set a date for review as expeditiously as possible. Review *shall* be scheduled for a date not later than 90 days after receipt by the board of the request for review," ORS 656.295(4) (emphasis added), and "[t]he review by the board *shall* be based upon the record submitted to it," ORS 656.295(5) (emphasis added).

The employer sought review by mailing a request to the board as required by statute within the appropriate time period, but the board did not receive that request. When it later received an untimely request, the board refused to conduct the review, invoking OAR 438-005-0040(4)(b), which specifies that, in certain circumstances applicable to the case, a request was not "mailed" unless there was a "receipt stamped by the post office showing the date mailed and the certified or registered number." The employer, like Roseburg in this case, argued that the rule exceeded the scope of the board's authority. *Weyerhaeuser*, 306 Or at 3. Citing ORS 656.726(4), the Supreme Court held:

> "This [certification] requirement does not exceed the scope of the Board's authority to regulate its own procedures. * * * The disputed rule does not affect evidence concerning the merits of a claim. It does not deny or disavow the Board's jurisdiction based on mailing of a request for review. It is designed only to avoid needless and wasteful controversies and evidentiary hearings over the alleged mailing dates of documents by prescribing means for providing mailing which any party can meet. The rule does not contravene statutory provisions."

*Weyerhaeuser*, 306 Or at 4.

■ The lesson of *Weyerhaeuser* is that the board, pursuant to the authority granted by ORS 656.762(4), may promulgate rules that impose procedural criteria (not affecting the merits of a claim) that have the effect of denying an employer or claimant access to a review process even where statutes state that the review "shall" occur. Such rules are within the board's authority. That being the case, we see no reason to believe that the same lesson does not apply to rules promulgated pursuant to the same statute by the director.

That outcome is not only legally compelled; it is also logical. The necessary implication of Roseburg's position in this case is that the director can promulgate no rules imposing limitations on access to her review of requests for elective surgery. An employer could deny the claimant's physician's request and not notify the claimant of that decision for years, subject only, perhaps, to a fine. The legislature could not have intended such a result. In short, we hold that, in promulgating OAR 436-010-0250(5), the director did not exceed her statutory authority.[3]

## II. CLAIMANT'S CROSS-PETITION ON ATTORNEY FEES

■      In his cross-petition, claimant argues that the director erred in awarding only $2,000 in attorney fees. ORS 656.385(1) instructs the director to award a reasonable attorney fee to the prevailing claimant with the following considerations:

> "The attorney fee must be based on all work the claimant's attorney has done relative to the proceeding at all levels before the department. The attorney fee assessed * * * under this section must be proportionate to the benefit to the injured worker. The director shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case. An attorney fee awarded pursuant to this subsection may not exceed $2,000 absent a showing of extraordinary circumstances."

Pursuant to this statute, the director has adopted a fee award schedule based on results achieved and time devoted. OAR 436-001-0265 (July 1, 2005); OAR 436-010-0008(13) (Apr 1, 2005). The fee may not exceed $2,000 nor fall outside the range provided in the table without a showing of extraordinary circumstances. OAR 436-001-0265(1)(b).

---

[3] In a sense, the director *did* conduct a review. The director's final order affirmed an administrative order that reached a two-part conclusion: that, on a review of the record, claimant was entitled to the elective surgery; and that, "further," Roseburg "is now barred from disputing appropriateness of the proposed surgery and will not continue review." In other words, the administrative law judge reviewed the request and then concluded that such a review was not necessary. The director adopted the entire conclusion, but in doing so relied exclusively on the part of it holding that no review was necessary.

"Extraordinary circumstances are not established by merely exceeding eight hours or exceeding a benefit of $6,000." OAR 436-010-0008(13)(c). The director here found that claimant's attorney did "not specifically argue why the limits imposed by ORS 656.385(1) should not apply here." Using the table, the director awarded $2,000, the maximum.

Claimant now argues that an extraordinary fee is appropriate in this case because of the risk incurred on further review and the significant value of the medical services obtained. Claimant, however, did not assert the existence of extraordinary circumstances before the director, thereby giving her no basis to award a fee beyond the $2,000 maximum. The award was therefore not an abuse of discretion.

Affirmed on petition and cross-petition.