ROSEBURG FOREST PRODUCTS,
*Petitioner-Cross-Respondent,*

*v.*

Robert SHADDY,
*Respondent-Cross-Petitioner,*

*and*

DEPARTMENT OF
CONSUMER AND BUSINESS SERVICES,
*Respondent.*

Department of Consumer and Business Services
H04200; A130296

164 P3d 289

Benjamin M. Bloom argued the cause for petitioner-cross-respondent. With him on the briefs was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Christine Jensen argued the cause for respondent-cross-petitioner. With her on the opening brief was Malagon, Moore & Jensen. On the reply briefs was Christine Jensen.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Roseburg Forest Products (Roseburg), the self-insured employer of respondent Shaddy (claimant), seeks judicial review of an order by the Director of the Department of Consumer and Business Services (director) barring Roseburg from disputing whether elective surgery recommended by claimant's attending physician is excessive, inappropriate, or ineffectual. The order was based on OAR 436-010-0250(5), under which an insurer or self-insured employer must meet certain time limitations or lose the right to seek the director's review of the surgery. Roseburg contends that the rule is invalid because it is inconsistent with ORS 656.327, which, according to Roseburg, *requires* the director to review the treatment in all circumstances. In *Roseburg Forest Products v. Humbert,* 212 Or App 285, 158 P3d 21 (2007), we decided this issue contrary to Roseburg's position.

Claimant cross-petitions, assigning error to the director's award of attorney fees. At the first level of review, the Medical Review Unit (MRU) of the Workers' Compensation Division awarded $1,200 in attorney fees. At the next level, the administrative law judge (ALJ) awarded an additional $2,562.50. The director's final order affirms the prior orders and makes no additional award of attorney fees. Claimant contends that his attorney is entitled to fees for work at the director level as well, and urges us to remand the case to the director for consideration of an additional award.

ORS 656.385 provides, in part:

"(1)   In all cases involving a dispute over compensation benefits pursuant to ORS 656.245, 656.247, 656.260, 656.327, or 656.340, where a claimant finally prevails after a proceeding has commenced, the Director of the Department of Consumer and Business Services or the Administrative Law Judge shall require the insurer or self-insured employer to pay a reasonable attorney fee to the claimant's attorney. * * * The attorney fee must be based on all work the claimant's attorney has done relative to the proceeding *at all levels* before the department."

(Emphasis added.) Claimant is correct that, because he prevailed before the director, he is entitled to an attorney fee. Claimant's attorney has already been awarded an attorney fee in excess of the $2,000 for services provided before the MRU and the ALJ. We remand for the director to consider in the first instance whether claimant is entitled to an additional fee for services before the director.

Affirmed on petition; remanded for reconsideration on cross-petition.