Argued and submitted February 2, affirmed May 16, 2007

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Audrey CASTILLO;
Kasia Van Pett, M.D.; Gregory Falk, D.O.;
and Department of Consumer and Business Services,
*Respondents.*

Department of Consumer and Business Services
H04173; A130605

159 P3d 389

H. Scott Plouse argued the cause for petitioner. With him on the briefs was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Christine Jensen argued the cause for respondent Audrey Castillo. With her on the brief was Malagon, Moore & Jensen.

No appearance for respondents Kasia Van Pett and Gregory Falk.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

PER CURIAM

**PER CURIAM**

■ ■ Roseburg Forest Products (Roseburg) petitions for judicial review from a final order of the Director of the Department of Consumer and Business Services (director) that barred Roseburg from disputing whether a proposed elective surgery for respondent Audrey Castillo (claimant) is excessive, inappropriate, or ineffectual. Roseburg contends that the administrative rule that the director relied on is invalid and that the director erred in finding that Roseburg's response to the request for the proposed surgery was untimely. We review Roseburg's challenge to the validity of the administrative rule for errors of law and the director's factual findings for substantial evidence, ORS 183.482(8), and affirm.

■ ■ OAR 436-010-0250 provides procedures for when a physician believes that elective surgery is needed to treat a compensable injury. OAR 436-010-0250(3) requires an employer to respond to the request for elective surgery within seven days of receiving the request. If an employer does not respond within seven days, it is barred from disputing whether the surgery is excessive, inappropriate, or ineffectual. Roseburg contends that OAR 436-010-0250 exceeds the authority granted to the director by ORS 656.327. We recently rejected Roseburg's challenge to the administrative rule and held that the rule is valid. *Roseburg Forest Products v. Humbert*, 212 Or App 285, 158 P3d 21 (2007).

■ Roseburg also argues that it never received a proper request for elective surgery so it never was required to file a response. The director concluded that evidence in the record established that Roseburg received notice of the proposed surgery and did not respond within seven days. There is substantial evidence in the record to support that determination.

Claimant saw a physician in November 2003. The chart note from that visit states that surgery is recommended and claimant would return once the physician obtained authorization for the surgery. The record does not establish when the chart note was received by Roseburg. However, it is apparent from the record that Roseburg received the physician's request no later than early December 2003, because

Roseburg scheduled claimant to be examined by two physicians on December 9, 2003. The purpose of the examinations was to determine whether surgery was appropriate. In addition, both physicians responded to Roseburg's specific question asking whether the surgery contemplated was "warranted or is reasonable and necessary." Roseburg does not dispute that it did not respond timely to the request for surgery if it received the request for surgery by early December 2003. Thus, substantial evidence in the record supports the director's findings that Roseburg received the request for elective surgery and did not respond timely to the request.

Affirmed.